IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LOUIS MOURATIDIS,<br>    Plaintiff, | : <br> : <br> : | |
| v. | : <br> : | CIVIL ACTION NO. 22-CV-4628 |
| TOM WOLF, *et al.*,<br>    Defendants. | : <br> : | |

### MEMORANDUM

**BARTLE, J.**                                                                                  **FEBRUARY 15, 2023**

Louis Mouratidis filed this action asserting claims against the Governor Tom Wolf and numerous Pennsylvania judges. Mouratidis also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Mouratidis leave to proceed *in forma pauperis* and dismiss the Complaint.

**I.    FACTUAL ALLEGATIONS**[1]

In a long and largely indecipherable Complaint, Mouratidis alleges constitutional violations apparently arising from an incident where he was hired to remove trash from a building in Philadelphia.[2] His actions apparently resulted in his being arrested and charged with

---

[1] The factual allegations are taken from Mouratidis's Complaint (ECF No. 2.) The Court adopts the pagination supplied by the CM/ECF docketing system.

[2] Mouratidis's Complaint is replete with the type of nonsensical language and legalisms often found in pleadings filed by adherents to the so-called sovereign citizen movement, such as distinguishing between himself as a "living man" and an "(ad)minister of his property." (Compl. at 2.) Mouratidis also refers to himself as a "document-paper-vessel" (*id*.), and states his objective is "to create a civil contract liability for the government agent (defendants) for violating Plaintiff's constitutional rights." (*Id*. at 5.) "[L]egal-sounding but meaningless verbiage commonly used by adherents to the so-called sovereign citizen movement" is nothing more than a nullity. *See United States v. Wunder*, No. 16-9452, 2019 WL 2928842, at *5 (D.N.J. July 8, 2019) (discussing the futility of the sovereign citizen verbiage in collection claim for student loan); *United States v. Crawford*, No. 19-15776, 2019 WL 5677750, at *1 (D.N.J. Nov. 1, 2019) (holding that criminal defendant's attempt to use fake UCC financing statements against

numerous offenses including possession of an instrument of crime with intent, terroristic threats with intent to terrorize another, simple assault, reckless endangerment, and aggravated assault. *See Commonwealth v. Mouratidis*, CP-51-CR-0000059-2022 (C.P. Philadelphia).  He names Governor Wolf because he is "legally responsible" for the operations of the government of the Commonwealth.  (Compl. at 2.)  He also names the Chief Justice of Pennsylvania and judicial officers that were involved in Mouratidis's criminal case in the courts of the Commonwealth, namely Judges Idee C. Fox, Karen Y. Simmons, Crystal Bryant-Powell, Zachary C. Shaffer, and Arraignment Court Magistrate Judge John Doe.  (*Id*. at 2-3.)  All Defendants are named in their official capacities.  (*Id*. at 1.)

Mouratidis alleges that Arraignment Court Magistrate Judge John Doe presided over his arraignment, (*id*. at 14-17), Judge Bryant-Powell allegedly adjudicated a motion Mouratidis filed for new counsel (*id*. at 17-19), Judge Simmons allegedly conducted a preliminary hearing (*id*. at 19-23), and Judge Shaffer allegedly also conducted a hearing and adjudicated motions (*id*. at 23-29).  Mouratidis makes no specific allegations with regard to Judge Fox other than to identify her as the President Judge of the Court of Common Pleas.  (*Id*. at 3.)  There are no allegations against the Chief Justice of Pennsylvania beyond listing that person in the caption of the Complaint.  Mouratidis accuses all of the Defendants criminally of treason and violating Pennsylvania and federal criminal statutes.  He seeks to assert claims against them for violation of his constitutional rights pursuant to 42 U.S.C. § 1983.  (*Id*. at 11.)  He also asserts state law

---

prosecutor was a legal nullity); *Banks v. Florida*, No. 19-756, 2019 WL 7546620, at *1 (M.D. Fla. Dec. 17, 2019), *report and recommendation adopted*, 2020 WL 108983 (M.D. Fla. Jan. 9, 2020) (collecting cases and stating that legal theories espoused by sovereign citizens have been consistently rejected as "utterly frivolous, patently ludicrous, and a waste of . . . the court's time, which is being paid by hard-earned tax dollars.").

claims and violations of federal and state criminal statutes as a basis for civil liability.[3] (*Id.* at 12.)

## II. STANDARD OF REVIEW

The Court grants Mouratidis leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a

---

[3] Any claim alleging criminal liability or a violation of a criminal statute as a basis for civil liability is dismissed with prejudice. "A private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (finding that a citizen lacks standing to contest prosecutorial policies "when he himself is neither prosecuted nor threatened with prosecution.") (citations omitted); *Lewis v. Jindal*, 368 F. App'x 613, 614 (5th Cir. 2010) ("It is well-settled that the decision whether to file criminal charges against an individual lies within the prosecutor's discretion, and private citizens do not have a constitutional right to compel criminal prosecution.") (citations omitted); *Smith v. Friel*, No. 19-943, 2019 WL 3025239, at *4 (M.D. Pa. June 4, 2019), *report and recommendation adopted*, 2019 WL 3003380 (M.D. Pa. July 10, 2019) (collecting cases and stating "courts have long held that a civil rights plaintiff may not seek relief in civil litigation in the form of an order directing the criminal prosecution of some third parties").

Also, criminal statutes generally do not give rise to a basis for civil liability. *See Brown v. City of Philadelphia Office of Human Res.*, 735 F. App'x 55, 56 (3d Cir. 2018) (*per curiam*) ("Brown alleges that the defendants violated various criminal statutes, but most do not provide a private cause of action."); *Brown v. U.S. Dist. Ct. for the E. Dist. of Pa.*, No. 18-747 (E.D. Pa.) (Apr. 9, 2018 Order at 6 (dismissing claims under 18 U.S.C. § 1589 as "meritless and frivolous")), *aff'd*, 740 F. App'x 239, 240 (3d Cir. 2018) (*per curiam*); *Brown v. Progressive Specialty Ins. Co.*, 763 F. App'x 146, 147 (3d Cir. 2019) (*per curiam*) ("Brown's mere citation to various constitutional provisions cannot transform his state law claims into causes of action 'arising under' the Constitution."). Indeed, the United States Supreme Court has stated that, unless specifically provided for, federal criminal statutes rarely create private rights of action. *Nashville Milk Co. v. Carnation Co.*, 355 U.S. 373, 377 (1958) (stating that where a statute "contains only penal sanctions for violation of it provisions; in the absence of a clear expression of congressional intent to the contrary, these sanctions should under familiar principles be considered exclusive, rather than supplemented by civil sanctions of a distinct statute.").

claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Mouratidis is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

**III.   DISCUSSION**

Mouratidis's claims must all be dismissed with prejudice. First, he names all of the Defendants in their official capacities. The claims against Governor Wolf are actually claims against the Commonwealth of Pennsylvania, while official capacity claims against the Defendant Judges are actually claims against the Pennsylvania Unified Judicial System. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'"). Since the Pennsylvania Unified Judicial System is an instrumentality of the Commonwealth, those claims are also actually claims against the Commonwealth. *See Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005). The Commonwealth is not considered a "person" for purposes of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989). Furthermore, the Eleventh Amendment bars suits against a state and its agencies in federal court that seek

monetary damages.[4]  *See Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003).  The Pennsylvania Unified Judicial System shares in the Commonwealth's Eleventh Amendment immunity.  *See Benn*, 426 F.3d at 241.  The Commonwealth of Pennsylvania has not waived that immunity.  *See* 42 Pa. Cons. Stat. § 8521(b).  Accordingly, any claims for money damages Mouratidis seeks to assert against the Commonwealth of Pennsylvania may not proceed.

Second, to the extent the Complaint can be construed to raise claims against the Defendants in their individual capacities, those claims also must be dismissed.  "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable.  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)).  *See Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").  Thus, the claims against Governor Wolf, the Pennsylvania Chief Justice and Judge Fox must be dismissed since there is no allegation that they were personally involved in the activities described in the Complaint.

The claims against Judges Simmons, Bryant-Powell, Shaffer, and Doe must be dismissed since the only basis for Mouratidis's claims against them are their judicial activities in his

---

[4] State officials may be sued in their official capacities where the plaintiff seeks prospective injunctive relief to stop an ongoing violation of federal law.  *See Ex parte Young*, 209 U.S. 123 (1908); *Pa. Fed'n of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 323 (3d Cir. 2002).  Other than to seek the criminal prosecutions of the Defendants, for which the Court has noted he lacks standing, nothing in Mouratidis's Complaint can be interpreted as seeking prospective injunctive relief.

criminal proceeding.  Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction.  *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (*per curiam*); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (*per curiam*).  An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000).  Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)).  Because judges must feel free to act without fear of incurring personal liability for their actions in court, judicial immunity remains in force even if the actions are alleged to be legally incorrect, in bad faith, malicious, or corrupt, *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991), or are taken as a result of a conspiracy with others.  *Dennis v. Sparks*, 449 U.S. 24, 27 (1980).

Although judicial immunity previously applied only to damages claims, "[i]n 1996, Congress amended 42 U.S.C. § 1983 to provide that 'injunctive relief shall not be granted' in an action brought against 'a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable.'" *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (*per curiam*) (quoting § 1983); *Brandon E. ex rel. Listenbee v. Reynolds*, 201 F.3d 194, 197-98 (3d Cir. 2000) (observing that the 1996 amendment "implicitly recognizes that declaratory relief is available in some circumstances, and then limits the availability of injunctive relief to circumstances in which declaratory relief is unavailable or inadequate").  In the context of judicial defendants, the United States Court of Appeals for the Third Circuit has explained that "a judge who acts as a neutral and impartial

arbiter of a statute is not a proper defendant to a Section 1983 suit challenging the constitutionality of the statute." *Allen v. DeBello*, 861 F.3d 433, 440 (3d Cir. 2017). "However, a judge who acts as an enforcer or administrator of a statute can be sued under Section 1983 for declaratory or (if declaratory relief is unavailable) injunctive relief." *Id.*

Because Mouratidis alleges that the Defendant Judges' actions were taken in their judicial capacity, and there is no suggestion that they lacked jurisdiction to act, any claim for money damages must be dismissed. As there is no allegation that any Defendant Judge violated a declaratory decree or that declaratory relief was unavailable, any possible claim for injunctive relief against them in their individual capacities must also be dismissed.

An appropriate Order follows dismissing this case with prejudice.